IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN ROBERT NARY,

    Petitioner,

v.

JAMES D. HARTLEY,

    Respondent.

No. C 11-02795 CRB

**ORDER DENYING MOTION TO DISMISS AND DENYING PETITION FOR HABEAS CORPUS**

Steven Robert Nary ("Petitioner"), an inmate in the California prison system, has filed a Petition for Habeas Corpus challenging the constitutionality of his detention pursuant to 28 U.S.C. § 2254. Pet. (dkt. 1) at 1. His Petition is based on claims that the Parole Board (the "Board") violated federal law in denying him parole because the Board's actions were grossly arbitrary and capricious. Id. at 2. To support such an allegation, Petitioner argues that the reasons cited for denying him parole are completely irrational and not based on any facts. Id. at 3.[1]

The Government has moved to dismiss the Petition on a single ground. Mot. (dkt. 4) at 1. It argues that, in light of recent Supreme Court authority, California inmates have no

---

[1] A similar argument was rejected by the Supreme Court in Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011) ("The Ninth Circuit's questionable finding that there was no evidence in the record supporting the parole denials is irrelevant . . . the short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with the California courts, and is no part of the Ninth Circuit's business.") (citations omitted, emphasis in original).

1 federal right to review of the basis of the Board's decision in parole determinations. <u>Id.</u>
2 (citing <u>Cooke</u>, 131 S. Ct. at 862). As a result, the Government argues that this Court does not
3 have jurisdiction to review the basis of the Board's decision denying Petitioner parole. Mot.
4 at 2. This Court DENIES the Government's Motion because it has jurisdiction under 28
5 U.S.C. § 2254 to review a denial of parole for the presence of the procedural elements
6 identified in <u>Cooke</u>. See <u>Cooke</u>, 131 S. Ct. at 862. Nonetheless, in exercising jurisdiction,
7 this Court finds that the Petition should be DENIED on the merits. See <u>Hilton v. Braunskill</u>,
8 481 U.S. 770, 775 (1987) (federal courts are authorized to dispose of habeas corpus matters
9 as law and justice require).

10 The Supreme Court has made clear that, in the context of parole, a prisoner subject to
11 a parole statute similar to California's receives adequate process when he is allowed an
12 opportunity to be heard and is provided with a statement of the reasons why parole was
13 denied. <u>Cooke</u>, 131 S. Ct. at 862. The Constitution does not require more. <u>Id.</u>[2] As the
14 Ninth Circuit recently put it, "<u>Cooke</u> was unequivocal in holding that if an inmate seeking
15 parole receives an opportunity to be heard, a notification of the reasons as to denial of parole,
16 and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of
17 [the] inquiry into whether [the inmate] received due process.'" <u>Pearson v. Muntz</u>, 639 F.3d
18 1185, 1191 (9th Cir. 2011) (quoting <u>Cooke</u>, 131 S. Ct. at 862).

19 Because Petitioner has not questioned whether those procedures were provided, Pet. at
20 17-20, this Court's inquiry "is at its end." See <u>Cooke</u>, 131 S. Ct. at 862. Indeed, Petitioner
21 admits that he had the opportunity to testify at his parole hearing and cites the decision by the
22 Board listing the reasons he was found unsuitable. Pet. at 17-20. Petitioner's case is fairly
23 characterized as a request to review the reasonableness of the Board's conclusions. This

---

[2] Petitioner argues that, "if an inmate was denied parole because the Board decided only to grant parole to inmates whose last name began with 'J,' [that would frustrate due process]." Pet. at 3. This Court lacks the authority to pass judgment on this extreme hypothetical, and notes that the facts of this case are quite different. Indeed, the Board's conclusions are supported by facts cited in Petitioner's own brief. Pet at 16-20. For example, the Board concluded that the commitment offense (second degree murder) was particularly heinous, in part because Petitioner did not provide medical intervention for the victim. Pet. at 19-20. The Board's reasoning is thus very different from granting parole to inmates whose last name begins with "J." To the extent Petitioner is requesting that this Court create an exception to the rule announced in <u>Cooke</u> for extreme cases, this Court declines to do so.

inquiry is beyond the scope of federal review. Cooke, 131 S. Ct. at 862 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the Petitioner] received, not whether the state court decided the case correctly.") Finally, Petitioner has not cited a single case that distinguishes the rule announced in Cooke.[3]

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in accordance with this Order, terminate all pending motions as moot, and close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner argues that this Court should apply California's "some evidence" standard of review to this case. Pet. at 27. This Court disagrees. At least three Ninth Circuit cases since Cooke acknowledge the Supreme Court's refusal to apply that standard to habeas cases premised on denial of parole. See Miller v. Or. Bd. of Parole & Post Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) ("It makes no difference that [Petitioner] may have been subjected to a misapplication of California's "some evidence" standard. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus."); White v. Kane, 634 F.3d 1036 (9th Cir. 2011).